UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

CLOSED

Humberto GIMENEZ,

    Plaintiff,

v.

City of Newark,

    Defendant.

Civil Action 06-0526 (DRD)

**OPINION**

Appearances by:

**HUMBERTO GIMENEZ**
1 Branch Brook Plaza
Apt. 7B
Newark, NJ 07104
    *Pro Se Plaintiff*

**ANEY CHANDY, ESQ.**
Corporation Counsel Office
920 Broad Street
Room 316
Newark, NJ 07102
    *Attorney for Defendant, City of Newark, New Jersey*

**DEBEVOISE, Senior District Judge**

On February 14, 1992, Plaintiff, Humberto Gimenez ("Gimenez") fell and broke his leg at a gas station located at 263-269 Heller Parkway. He claims that, after filing a complaint, on June 30, 1995, he was awarded a $60,000 judgment, which was filed and recorded as a lien against the property. On or about November 16, 2004, Gimenez filed a complaint against defendant, City of Newark ("Newark"), in New Jersey Superior Court, claiming that Newark was

responsible to pay the judgment owed to him by the gas station because Newark assumed the obligation when it foreclosed on the property. Newark filed a motion to dismiss the complaint, which was granted on February 4, 2005. On March 18, 2005, Gimenez filed a motion for reconsideration, which was opposed by Newark. Gimenez's motion for reconsideration was denied.

On October 24, 2005, Gimenez filed a complaint in the United States District Court, District of New Jersey, alleging violation of his Fifth Amendment right of due process. Newark filed a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6). On January 6, 2006, The District Court granted Newark's motion, dismissing the complaint with prejudice and, thereby, closing the case.

On February 1, 2006, Gimenez again filed a complaint with the United States District Court, District of New Jersey, alleging violation of his Fifth Amendment right of due process and error in the judgment of the district court in dismissing his 2005 complaint. In addition to his complaint, Gimenez filed an application to proceed *In Forma Pauperis.* As before, Newark, opposing Gimenez's complaint, filed a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6).

Upon reviewing Gimenez'a 2006 complaint, this Court finds that the facts set forth by Gimenez are substantively the same as those in his 2005 complaints, filed in both the New Jersey state court and the New Jersey district court. This Court, however, does not possess the power to review the decision of another district court for possible error.

To the extent that Gimenez has submitted this as a new claim, Gimenez's complaint is barred by the doctrine of *res judicata*, wherein "[a] judgment, if rendered upon the merits, constitutes an absolute bar to the subsequent action." See Cromwell v. Sac County, 94 U.S. 351

(1876).  Also known as claim preclusion, *res judicata* bars parties from bringing the same law suit against the same parties in different courts, and also as here, in the same court.  The purpose of the doctrine is to advance "the goals of fairness, efficiency, and finality."  Giammetta v. O'Connor,  2006 WL 2471223, *3 (D.N.J. Aug. 24, 2006) (citations omitted).  The Court applies claim preclusion to an action when the following three basic elements are met: (1) the judgment in the prior action is valid, final, and on the merits; (2) the parties in the later action are identical to or in privity with those in the prior action; and (3) the claim in the later action stems from the same transaction or occurrence as the claim in the earlier one.  Id.

  Here the Court finds that the judgment rendered by the district court in January 6, 2006 is valid, final, and on the merits, the parties in the 2006 action are identical to those in the 2005 state and federal court actions, and that the 2006 claim stems from the same occurrence as the 2005 claims.  Therefore, this Court finds that the 2006 complaint is barred based on the decisions rendered by the district court on January 6, 2006, and the state court on February 4, 2005.  An order dismissing Gimenez's complaint follows.


            /s/ Dickinson R. Debevoise
            Dickinson R. Debevoise, U.S.S.D.J.


Dated: October 23, 2006